UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ERIC FIELDS, SHERYL FIELDS,**

              **Plaintiffs,**

-vs-                                                          **Case No. 6:08-cv-632-Orl-19KRS**

**STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,**

              **Defendant.**

_____

# ORDER

This case comes before the Court on the Motion of Plaintiffs to Remand (Doc. No. 7, filed May 7, 2008) and the Memorandum in Support of Plaintiffs' Motion to Remand. (Doc. No. 8, filed May 7, 2008).

Plaintiffs Eric and Sheryl Fields originally filed this action in state court against Defendant State Farm Mutual Automobile Insurance Company ("State Farm"). (Doc. No. 2, filed Apr. 23, 2008). State Farm later removed the case to this Court on the basis of diversity jurisdiction. (Doc. No. 1, filed Apr. 23, 2008).

Plaintiffs move to remand the case, arguing that State Farm has not meet its burden to show that the amount in controversy exceeds $75,000. (Doc. No. 8 at 3-4.) Specifically, Plaintiffs contend that State Farm erroneously relies on a pre-suit demand letter as its only evidence concerning the amount in controversy. (*Id.*) Although the Court may consider such evidence, Plaintiffs explain, the letter, alone, cannot carry State Farm's burden. (*Id.*) State Farm did not file a response in opposition to the Motion or otherwise indicate its objection to remanding the case.

The Court concludes that remand is appropriate because State Farm has failed to meet its burden to prove by a preponderance of the evidence that the amount in controversy requirement is met. *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1330 (11th Cir. 2006). State Farm attached a demand letter to its notice of removal showing that Eric Fields, about a week before filing this case, estimated his total damages at $291,000 and demanded that State Farm pay him his policy maximum of $100,000. (Doc. No. 1-5.) On the other hand, the Complaint specifies that Plaintiffs' claimed damages are in excess of $15,000 and gives no other estimation of the amount in controversy. (Doc. No. 2.)

The Court's own review of the record indicates that the amount in controversy may exceed $75,000. However, the case law clearly places the burden on State Farm to justify removal, *Miedema*, 450 F.3d at 1330, and it establishes a presumption in favor of remand when the amount in controversy is uncertain. *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001) ("Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand.") State Farm states in its Notice of Removal that the demand letter "firmly establishes that the amount Plaintiffs seek exceeds the jurisdictional amount in controversy necessary to support removal." (Doc. No. 1 at 2.) However, State Farm did not file a Response in opposition to Plaintiffs' later-filed Motion or otherwise indicate whether it objects to remand in light of Plaintiffs' arguments.

The failure to oppose a motion raises an inference that the party does not object to such motion. *E.g.*, *Bray & Gillespie Mgmt. LLC v. Lexington Ins. Co.*, 527 F. Supp. 2d 1355, 1371 (M.D. Fla. 2007). In this case, the failure to respond is especially problematic because State Farm not only

carries the burden to establish diversity jurisdiction, but also the evidence in the record is not sufficiently persuasive for State Farm to meet this standard by remaining silent.[1]  Accordingly, the Court concludes that the amount in controversy is uncertain and that remand is necessary.  *Russell Corp.*, 264 F.3d at 1050.

The Motion of Plaintiffs to Remand (Doc. No. 7, filed May 7, 2008) is **GRANTED**.  The Clerk is **DIRECTED** to **REMAND** the case and close the case file.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on July 9, 2008.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

---

[1]  The Eleventh Circuit has determined that settlement offers are relevant but not determinative of the amount in controversy.  *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1097 (11th Cir. 1995); *Jackson v. Am. Gen. Fin. Servs., Inc.,* No. Civ.A.7:06CV19 (HL), 2006 WL 839092, at *2 n.2 (M.D. Ga. Mar. 27, 2006).  Furthermore, demand letters are often given less weight than other documents filed in support of or opposition to a motion to remand.  *Elder v. T-Fal, Inc.*, No. 1:07-CV-1280-JOF, 2007 WL 4060230, at *3 (N.D. Ga. Oct. 31, 2007) ("A demand letter, such as the one here, made without full investigation and dated more than two months before a complaint was filed, should be given little weight when it is inconsistent with a complaint, signed by counsel operating under the full weight of his ethical obligations to the court.)  While State Farm could make several arguments why the demand letter in this case should be given substantial weight, it has not done so, and the Court will not make these arguments for it.

Counsel of Record